IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| INFORMATION PROTECTION AND AUTHENTICATION OF TEXAS, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 2:08-cv-00484-DF-CE |
| SYMANTEC CORP., MICROSOFT CORP., AVG TECHNOLOGIES USA, INC., CA, INC., CHECK POINT SOFTWARE,  TECHNOLOGIES, INC., COMODO SECURITY  SOLUTIONS, INC. ESET, LLC, F-SECURE, INC., IOLO TECHNOLOGIES, LLC, KASPERSKY LAB, INC., MCAFEE, INC., MICROWORLD TECHNOLOGIES, INC., NETVEDA, LLC, NORMAN DATA DEFENSE SYSTEMS,  INC., NOVELL, INC., PC TOOLS, INC., PWI, INC., SOPHOS, INC., SUNBELT SOFTWARE, INC., TREND MICRO, INC., VELOCITY MICRO, INC.,  and WEBROOT SOFTWARE, INC., | § § § § § § § § § § § § § § § § § § § § § § § § § § § | **JURY TRIAL DEMANDED** |
| Defendants. | § | |

## **PLAINTIFF'S FIRST AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a)(1)(A), Plaintiff Information Protection

and Authentication of Texas, LLC ("Plaintiff" or "IPAT"), by and through its undersigned

counsel, files this First Amended Complaint[1] against Symantec Corp., Microsoft Corp., AVG Technologies USA, Inc., CA, Inc., Check Point Software Technologies, Inc., Comodo Security Solutions, Inc., ESET, LLC, F-Secure, Inc., iolo Technologies, LLC, Kaspersky Lab, Inc., McAfee, Inc., MicroWorld Technologies, Inc., NetVeda, LLC, Norman Data Defense Systems, Inc., Novell, Inc., PC Tools, Inc., PWI, Inc., Sophos, Inc., SunBelt Software, Inc., Trend Micro, Inc., Velocity Micro, Inc., and Webroot Software, Inc. (collectively "Defendants") as follows:

## NATURE OF THE ACTION

1.     This is a patent infringement action to stop Defendants' infringement of IPAT's United States Patent No. 5,311,591 entitled, "Computer System Security Method and Apparatus for Creating and Using Program Authorization Information Data Structures" (the "'591 patent"; a copy of which is attached hereto as Exhibit A) and United States Patent No. 5,412,717, entitled "Computer System Security Method and Apparatus Having Program Authorization Information Data Structures" (the "'717 patent"; a copy of which is attached hereto as Exhibit B). IPAT is the assignee of the '591 and '717 patents. IPAT seeks injunctive relief and monetary damages.

## PARTIES

2.     Plaintiff IPAT is a limited liability company organized and existing under the laws of the State of Texas. IPAT maintains its principal place of business at 104 East Houston Street, Suite 170, Marshall, Texas 75670. IPAT is the assignee of all rights, title, and interest in and to the '591 and '717 patents, including the right to sue for infringement and recover past damages.

---

[1] The only changes in Plaintiff's First Amended Complaint are to change "Comodo Group, Inc." to "Comodo Security Solutions, Inc." This change is made at the request of Comodo Group, Inc.

3. Upon information and belief, Symantec Corp. ("Symantec") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 20330 Stevens Creek Boulevard, Cupertino, California 95014.

4. Upon information and belief, Defendant Microsoft Corp. ("Microsoft") is a corporation organized and existing under the laws of the State of Washington, with its principal place of business located at One Microsoft Way, Redmond, Washington 98052.

5. Upon information and belief, Defendant AVG Technologies USA, Inc. ("AVG") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1901 Summit Tower Boulevard, Suite 350, Orlando, Florida 32810.

6. Upon information and belief, Defendant CA, Inc. ("CA") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at One CA Plaza, Islandia, New York 11749.

7. Upon information and belief, Defendant Check Point Software Technologies, Inc. ("Check Point") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 800 Bridge Parkway, Redwood City, California 94065.

8. Upon information and belief, Comodo Security Solutions, Inc. ("Comodo") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 525 Washington Boulevard, Suite 1400, Jersey City, New Jersey 07310.

9. Upon information and belief, ESET, LLC ("ESET") is a limited liability company organized and existing under the laws of the State of California, with its principal place of business located at 610 West Ash Street, Suite 1900, San Diego, California 92101.

10. Upon information and belief, F-Secure, Inc. ("F-Secure") is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 100 Century Center Court, Suite 700, San Jose, California 95112.

11. Upon information and belief, iolo Technologies, LLC ("iolo") is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 7470 North Figueroa Street, Los Angeles, California 90041.

12. Upon information and belief, Kaspersky Lab, Inc. ("Kaspersky") is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business located at 500 Unicorn Park, 3rd Floor, Woburn, Massachusetts 01801.

13. Upon information and belief, McAfee, Inc. ("McAfee") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 3965 Freedom Circle, Santa Clara, California 95054.

14. Upon information and belief, MicroWorld Technologies, Inc. ("MicroWorld") is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business located at 33045 Hamilton Court East, Suite 105, Farmington Hills, Michigan 48334.

15. Upon information and belief, NetVeda, LLC ("NetVeda") is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business located at 301 North Harrison Street, Suite 394, Princeton, New Jersey 08540.

16. Upon information and belief, Norman Data Defense Systems, Inc. ("Norman Data") is a corporation organized and existing under the laws of the State of Virginia, with its principal place of business located at 9302 Lee Highway, Suite 950A, Fairfax, Virginia 22031.

17.     Upon information and belief, Novell, Inc. ("Novell") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 404 Wyman Street, Waltham, Massachusetts 02451.

18.     Upon information and belief, PC Tools, Inc. ("PC Tools") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 150 Spear Street, Suite 500, San Francisco, California 94105.

19.     Upon information and belief, PWI, Inc. ("PWI") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 68 White Street, 2nd Floor, Red Bank, New Jersey 07701.

20.     Upon information and belief, Sophos, Inc. ("Sophos") is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business located at 3 Van de Graaff Drive, 2nd Floor, Burlington, Massachusetts 01803.

21.     Upon information and belief, SunBelt Software, Inc. ("SunBelt Software") is a corporation organized and existing under the laws of the State of Florida, with its principal place of business located at 33 North Garden Avenue, Suite 1200, Clearwater, Florida 33755.

22.     Upon information and belief, Trend Micro, Inc. ("Trend Micro") is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 10101 North De Anza Boulevard, Cupertino, California 95014.

23.     Upon information and belief, Velocity Micro, Inc. ("Velocity Micro") is a corporation organized and existing under the laws of the State of Virginia, with its principal place of business located at 7510 Whitepine Road, Richmond, Virginia 23237.

24. Upon information and belief, Webroot Software, Inc. ("Webroot") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 2560 55th Street, Boulder, Colorado  80301.

## JURISDICTION AND VENUE

25. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

26. The Court has personal jurisdiction over each Defendant because: each Defendant has minimum contacts within the State of Texas and the Eastern District of Texas; each Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; each Defendant has sought protection and benefit from the laws of the State of Texas; each Defendant regularly conducts business within the State of Texas and within the Eastern District of Texas; and Plaintiff's causes of action arise directly from Defendants' business contacts and other activities in the State of Texas and in the Eastern District of Texas.

27. More specifically, each Defendant, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States, the State of Texas, and the Eastern District of Texas.  Upon information and belief, each Defendant has committed patent infringement in the State of Texas and in the Eastern District of Texas, has contributed to patent infringement in the State of Texas and in the Eastern District of Texas, and/or has induced others to commit patent infringement in the State of Texas and in the Eastern District of Texas.  Each Defendant

solicits customers in the State of Texas and in the Eastern District of Texas. Each Defendant has many paying customers who are residents of the State of Texas and the Eastern District of Texas and who each use respective Defendant's products and services in the State of Texas and in the Eastern District of Texas.

28. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I – PATENT INFRINGEMENT

29. United States Patent No. 5,311,591, entitled "Computer System Security Method and Apparatus for Creating and Using Program Authorization Information Data Structures," was duly and legally issued by the United States Patent and Trademark Office on May 10, 1994 after full and fair examination. United States Patent No. 5,412,717, entitled "Computer System Security Method and Apparatus Having Program Authorization Information Data Structures," was duly and legally issued by the United States Patent and Trademark Office on May 2, 1995 after full and fair examination. IPAT is the assignee of all rights, title, and interest in and to the '591 and '717 patents, and possesses all rights of recovery under the '591 and '717 patents, including the right to sue for infringement and recover past damages.

30. Upon information and belief, Symantec has infringed and continues to infringe one or more claims of the '591 and '717 patents by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, hardware and/or software for protecting and/or authenticating information. Upon information and belief, Symantec has also contributed to the infringement of one or more claims

of the '591 and '717 patents, and/or actively induced others to infringe one or more claims of the '591 and '717 patents, in this district and elsewhere in the United States.

31.     Upon information and belief, Microsoft has infringed and continues to infringe one or more claims of the '591 and '717 patents by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, hardware and/or software for protecting and/or authenticating information.  Upon information and belief, Microsoft has also contributed to the infringement of one or more claims of the '591 and '717 patents, and/or actively induced others to infringe one or more claims of the '591 and '717 patents, in this district and elsewhere in the United States.

32.     Upon information and belief, AVG has infringed and continues to infringe one or more claims of the '591 and '717 patents by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, hardware and/or software for protecting and/or authenticating information.  Upon information and belief, AVG has also contributed to the infringement of one or more claims of the '591 and '717 patents, and/or actively induced others to infringe one or more claims of the '591 and '717 patents, in this district and elsewhere in the United States.

33.     Upon information and belief, CA has infringed and continues to infringe one or more claims of the '591 and '717 patents by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, hardware and/or software for protecting and/or authenticating information.  Upon information and belief, CA has also contributed to the infringement of one or more claims of the '591 and '717 patents, and/or actively induced others to infringe one or more claims of the '591 and '717 patents, in this district and elsewhere in the United States.

34. Upon information and belief, Check Point has infringed and continues to infringe one or more claims of the '591 and '717 patents by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, hardware and/or software for protecting and/or authenticating information. Upon information and belief, Check Point has also contributed to the infringement of one or more claims of the '591 and '717 patents, and/or actively induced others to infringe one or more claims of the '591 and '717 patents, in this district and elsewhere in the United States.

35. Upon information and belief, Comodo has infringed and continues to infringe one or more claims of the '591 and '717 patents by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, hardware and/or software for protecting and/or authenticating information. Upon information and belief, Comodo has also contributed to the infringement of one or more claims of the '591 and '717 patents, and/or actively induced others to infringe one or more claims of the '591 and '717 patents, in this district and elsewhere in the United States.

36. Upon information and belief, ESET has infringed and continues to infringe one or more claims of the '591 and '717 patents by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, hardware and/or software for protecting and/or authenticating information. Upon information and belief, ESET has also contributed to the infringement of one or more claims of the '591 and '717 patents, and/or actively induced others to infringe one or more claims of the '591 and '717 patents, in this district and elsewhere in the United States.

37. Upon information and belief, F-Secure has infringed and continues to infringe one or more claims of the '591 and '717 patents by making, using, providing, offering to sell, and

selling (directly or through intermediaries), in this district and elsewhere in the United States, hardware and/or software for protecting and/or authenticating information. Upon information and belief, F-Secure has also contributed to the infringement of one or more claims of the '591 and '717 patents, and/or actively induced others to infringe one or more claims of the '591 and '717 patents, in this district and elsewhere in the United States.

38.     Upon information and belief, iolo has infringed and continues to infringe one or more claims of the '591 and '717 patents by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, hardware and/or software for protecting and/or authenticating information. Upon information and belief, iolo has also contributed to the infringement of one or more claims of the '591 and '717 patents, and/or actively induced others to infringe one or more claims of the '591 and '717 patents, in this district and elsewhere in the United States.

39.     Upon information and belief, Kaspersky has infringed and continues to infringe one or more claims of the '591 and '717 patents by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, hardware and/or software for protecting and/or authenticating information. Upon information and belief, Kaspersky has also contributed to the infringement of one or more claims of the '591 and '717 patents, and/or actively induced others to infringe one or more claims of the '591 and '717 patents, in this district and elsewhere in the United States.

40.     Upon information and belief, McAfee has infringed and continues to infringe one or more claims of the '591 and '717 patents by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, hardware and/or software for protecting and/or authenticating information. Upon information

and belief, McAfee has also contributed to the infringement of one or more claims of the '591 and '717 patents, and/or actively induced others to infringe one or more claims of the '591 and '717 patents, in this district and elsewhere in the United States.

41. Upon information and belief, MicroWorld has infringed and continues to infringe one or more claims of the '591 and '717 patents by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, hardware and/or software for protecting and/or authenticating information. Upon information and belief, MicroWorld has also contributed to the infringement of one or more claims of the '591 and '717 patents, and/or actively induced others to infringe one or more claims of the '591 and '717 patents, in this district and elsewhere in the United States.

42. Upon information and belief, NetVeda has infringed and continues to infringe one or more claims of the '591 and '717 patents by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, hardware and/or software for protecting and/or authenticating information. Upon information and belief, NetVeda has also contributed to the infringement of one or more claims of the '591 and '717 patents, and/or actively induced others to infringe one or more claims of the '591 and '717 patents, in this district and elsewhere in the United States.

43. Upon information and belief, Norman Data has infringed and continues to infringe one or more claims of the '591 and '717 patents by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, hardware and/or software for protecting and/or authenticating information. Upon information and belief, Norman Data has also contributed to the infringement of one or more

claims of the '591 and '717 patents, and/or actively induced others to infringe one or more claims of the '591 and '717 patents, in this district and elsewhere in the United States.

44.     Upon information and belief, Novell has infringed and continues to infringe one or more claims of the '591 and '717 patents by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, hardware and/or software for protecting and/or authenticating information.  Upon information and belief, Novell has also contributed to the infringement of one or more claims of the '591 and '717 patents, and/or actively induced others to infringe one or more claims of the '591 and '717 patents, in this district and elsewhere in the United States.

45.     Upon information and belief, PC Tools has infringed and continues to infringe one or more claims of the '591 and '717 patents by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, hardware and/or software for protecting and/or authenticating information.  Upon information and belief, PC Tools has also contributed to the infringement of one or more claims of the '591 and '717 patents, and/or actively induced others to infringe one or more claims of the '591 and '717 patents, in this district and elsewhere in the United States.

46.     Upon information and belief, PWI has infringed and continues to infringe one or more claims of the '591 and '717 patents by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, hardware and/or software for protecting and/or authenticating information.  Upon information and belief, PWI has also contributed to the infringement of one or more claims of the '591 and '717 patents, and/or actively induced others to infringe one or more claims of the '591 and '717 patents, in this district and elsewhere in the United States.

47. Upon information and belief, Sophos has infringed and continues to infringe one or more claims of the '591 and '717 patents by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, hardware and/or software for protecting and/or authenticating information. Upon information and belief, Sophos has also contributed to the infringement of one or more claims of the '591 and '717 patents, and/or actively induced others to infringe one or more claims of the '591 and '717 patents, in this district and elsewhere in the United States.

48. Upon information and belief, SunBelt Software has infringed and continues to infringe one or more claims of the '591 and '717 patents by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, hardware and/or software for protecting and/or authenticating information. Upon information and belief, SunBelt Software has also contributed to the infringement of one or more claims of the '591 and '717 patents, and/or actively induced others to infringe one or more claims of the '591 and '717 patents, in this district and elsewhere in the United States.

49. Upon information and belief, Trend Micro has infringed and continues to infringe one or more claims of the '591 and '717 patents by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, hardware and/or software for protecting and/or authenticating information. Upon information and belief, Trend Micro has also contributed to the infringement of one or more claims of the '591 and '717 patents, and/or actively induced others to infringe one or more claims of the '591 and '717 patents, in this district and elsewhere in the United States.

50. Upon information and belief, Velocity Micro has infringed and continues to infringe one or more claims of the '591 and '717 patents by making, using, providing, offering to

sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, hardware and/or software for protecting and/or authenticating information. Upon information and belief, Velocity Micro has also contributed to the infringement of one or more claims of the '591 and '717 patents, and/or actively induced others to infringe one or more claims of the '591 and '717 patents, in this district and elsewhere in the United States.

51. Upon information and belief, Webroot has infringed and continues to infringe one or more claims of the '591 and '717 patents by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, hardware and/or software for protecting and/or authenticating information. Upon information and belief, Webroot has also contributed to the infringement of one or more claims of the '591 and '717 patents, and/or actively induced others to infringe one or more claims of the '591 and '717 patents, in this district and elsewhere in the United States.

52. Each Defendant's aforesaid activities have been without authority and/or license from IPAT.

53. IPAT is entitled to recover from the Defendants the damages sustained by IPAT as a result of the Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

54. Defendants' infringement of IPAT's exclusive rights under the '591 and '717 patents will continue to damage IPAT, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

55. IPAT hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

IPAT respectfully requests that the Court find in its favor and against Defendants, and that the Court grant IPAT the following relief:

A. An adjudication that one or more claims of the '591 and '717 patents have been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

B. An award to IPAT of damages adequate to compensate IPAT for the Defendants' acts of infringement together with pre-judgment and post-judgment interest;

C. That one or more of the Defendants' acts of infringement be found to be willful from the time that Defendants became aware of the infringing nature of their actions, which is the time of filing of Plaintiff's Original Complaint at the latest, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

D. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendants from further acts of (1) infringement, (2) contributory infringement, and (3) actively inducing infringement with respect to the claims of the '591 and '717 patents;

E.  That this Court declare this to be an exceptional case and award IPAT its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

F.  Any further relief that this Court deems just and proper.

                    Respectfully submitted,

Dated: March 3, 2009          /s/ William E. Davis, III
                    William E. Davis, III
                    TX State Bar No. 24047416

**THE DAVIS FIRM P.C.**
111 W. Tyler St.
Longview, TX 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661
bdavis@bdavisfirm.com


Sam Baxter
TX State Bar No. 01938000
Theodore Stevenson, III
TX State Bar No. 19196650

**MCKOOL SMITH, P.C.**
104 East Houston
Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099
sbaxter@mckoolsmith.com
tstevenson@mckoolsmith.com

*Of Counsel*:
John F. Ward
John W. Olivo, Jr.
David M. Hill

**WARD & OLIVO**
380 Madison Avenue
New York, New York 10017
Telephone: (212) 697-6262
Facsimile: (212) 972-5866
wardj@wardolivo.com
olivoj@wardolivo.com
hilld@wardolivo.com

**ATTORNEYS FOR PLAINTIFF,
INFORMATION PROTECTION AND
AUTHENTICATION OF TEXAS, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, the foregoing was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d), all others not deemed to have consented to electronic service were served with a true and correct copy of the foregoing on this the 3rd day of March, 2009 as follows:

*Via U.S. Mail and Email*

Comodo Security Solutions, Inc.

PWI, Inc.

Sunbelt Software, Inc.

Velocity Micro, Inc.

*Via U.S. Mail*

NetVeda, LLC