IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| INFORMATION PROTECTION AND AUTHENTICATION OF TEXAS, LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SYMANTEC CORP., *et al.*,<br><br>　　　　　　Defendants. | Civil Action No. 2:08-cv-00484<br>JURY<br>Judge David Folsom |
| NORMAN DATA DEFENSE SYSTEMS, INC.,<br><br>　　　　　　Counterclaimant,<br><br>　　v.<br><br>INFORMATION PROTECTION AND AUTHENTICATION OF TEXAS, LLC and GLOBAL INNOVATION TECHNOLOGY HOLDINGS, LLC,<br><br>　　　　　　Counterclaim Defendants. | |

**NOTICE OF NORMAN DATA DEFENSE SYSTEMS, INC.
OF JOINDER IN SYMANTEC CORP.'S EMERGENCY MOTION
TO ENJOIN PLAINTIFF AND THIRD PARTY DEFENDANT
FROM LITIGATING A LATER-FILED AND DUPLICATIVE ACTION
<u>AND FOR EXPEDITED CONSIDERATION</u>**

Defendant/counterclaimant Norman Data Defense Systems, Inc. ("Norman") hereby joins in Symantec Corp.'s Emergency Motion To Enjoin Plaintiff and Third Party Defendant from Litigating a Later-Filed and Duplicative Action and for Expedited Consideration filed March 27, 2009 (Document 149) ("Symantec Motion").

Two weeks after filing this lawsuit in Texas, plaintiff Information Protection and Authentication of Texas, LLC ("IPAT"), together with Global Innovation Tech. Holdings, LLC ("Global") filed suit in the Southern District of Florida against twelve computer manufacturers for allegedly infringing the same two patents at issue here ("the Florida Action").[1] According to IPAT and Global, the Florida defendants' alleged infringement occurs when a Florida defendant installs a Texas defendant's software on its computer. In IPAT and Global's own words:

> [Defendants] then combine[] Microsoft software (or software made by others) with [their] own hardware to produce computer systems that include hardware and/or software for protecting and/or authenticating information.[2]

Thus, by IPAT and Global s own admission, software made by at least some of the defendants here is at issue in the Florida Action.

As fully explained in Symantec's Motion, IPAT s infringement claims in the Florida Action should be resolved in this action, where the software manufacturers are named parties, and were sued first.

It is clear that the infringement contentions in the Florida Action will necessarily relate to the operations of at least some of the software accused in *this* action. All the claims in the patents in suit, (and the point of alleged novelty of the patent) are directed at the operations of software on standard off-the-shelf computers with a processor, storage and memory.[3] As stated in the '591 patent, "The present method and apparatus utilizes a unique operating system design that includes a system monitor which limits the ability of a program about to be executed to the use

---

1. *Global Innovation Tech. Holdings, LLC v. Acer America Corp.*, Case No. 09-20127 (S.D. Fla.). *See* Motion at 4.

2. Exhibit A hereto (Opposition to Defendant America Future Technology Corp.'s Motion to Dismiss, For a More Definite Statement and/or Stay at. 2).

3. *See, e.g.*, U.S. Patent No. 5,311,591, claims 1 & 42; U.S. Patent No. 5,412,717, claims 1, 61 &120.

of predefined resources. . . . The system monitor builds a data structure including a set of authorities defining that which a program is permitted to do and/or that which the program is precluded from doing."[4]

Indeed, IPAT and Global have recently confirmed that their infringement allegations in the Florida action, like IPAT's allegations here, focus on the accused software that is at issue in this case. In interrogatories that IPAT and Global served on April 1 on the defendants in the Florida Action, they state, the term 'Accused Product(s) and Service(s)' is defined as "any of Defendant's computers or other hardware or software products *containing or comprising firewall software (whether standalone or bundled into a suite)*."[5]

It is thus apparent that all of the Texas defendants whose firewall software is contained in any of the computers sold by any of the Florida defendants are in fact indispensable parties to that action. More importantly, they are indispensable parties who were not named as defendants in the Florida action and who IPAT sued here first. IPAT cannot be permitted to have sued these parties in Texas first, and then two weeks later bring suit in Florida on the same patents, alleging acts of infringement based on the use of the software at issue here.

It is not yet clear whether Norman's software in particular is used in any of the hardware at issue in the Florida action. However, even if Norman's software is not directly at issue in the Florida action, issues that will be decided in that action will necessarily overlap with many of the central issues here, including the issues of claim construction and invalidity.

In light of the foregoing, Norman respectfully requests that the Court issue Symantec's March 27, 2009 Proposed Order (Document 149-110) enjoining IPAT and Global from further

---

4. U.S. Patent No. 5,311,591, col. 2, lines 14-21.
5. Exhibit B hereto (Plaintiffs First Set of Common Interrogatories to All Defendants at 5).

prosecuting, pursuing or otherwise proceeding with their claims in the Florida Action pending resolution of this action. In the alternative, Norman respectfully requests that the Court issue Symantec's March 27, 2009 alternative Proposed Order (Document 149-11) enjoining IPAT and Global from pursuing any claims in the Florida Action against any Texas defendants products or based on or involving the bundling or use of any Texas defendants products by a defendant in the Florida Action.

Dated: April 6, 2009

Respectfully submitted,

/s/ *Michael E. Jones*
Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen Franklin Gardner
State Bar No. 24043679
allengardner@potterminton.com
POTTER MINTON PC
110 N. College, Suite 500
PO Box 359
Tyler , TX 75710-0359
(903) 597-8311
(903) 593 0846 (Facsimile)

Richard H. Gordin
Pro hac vice
rgordin@tighepatton.com
TIGHE PATTON ARMSTRONG & TEASDALE PLLC
1747 Pennsylvania Avenue, NW, Suite 300
Washington , DC 20006
(202) 454-2881
(202) 454-2805 (Facsimile)

J. Michael Huget
Pro hac vice
huget@butzel.com
BUTZEL LONG
350 S Main Street, Suite 300
Ann Arbor , MI 48104
(734) 995-3110
(734) 995-1777 (Facsimile)

*Attorneys for Defendant and Counterclaim Plaintiff Norman Data Defense Systems, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 6, 2009.  Any other counsel of record will be served by First Class U.S. mail on this same date.

/s/ *Michael E. Jones*