IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| INFORMATION AUTHENTICATION AND PROTECTION OF TEXAS, <br><br>　　　　Plaintiff, <br><br>v. <br><br>SYMANTEC CORP., et al., <br><br>　　　　Defendants. | § § § § § § § § § § § §　CIVIL ACTION NO. 2:08-CV-484 |

**O R D E R**

Before the Court is Defendant Symantec Corp.'s Objection to Magistrate Judge Everingham's Report and Recommendations, and Request that the Court Defer Ruling Thereon until the Florida Court, in the Second-Filed Action, Rules on a Pending Motion to Transfer that Action to Texas. Dkt. No. 217. Also before the Court are Computer Associates, McAfee, Trend Micro, and Check Point's Objections (Dkt. Nos. 218, 223 (joinder by McAfee), 229 (joinder by Trend Micro) & 230 (joinder by Check Point)), Sophos' Objections (Dkt. No. 220), AVG's Objections (Dkt. No. 221), Norman Data's Objections (Dkt. No. 222), Kapersky Lab's Objections (Dkt. No. 224), ESET's Objections and Joinder (Dkt. No. 225), Microsoft's Objections and Joinder (Dkt. No. 226), Iolo's Objections (Dkt. No. 227), and Novell's Objections and Joinder (Dkt. No. 228). The Court held a hearing on June 9, 2009. Having considered the briefing, oral argument, and all relevant papers and pleadings, the Court finds that Defendants' objections should be SUSTAINED IN PART and OVERRULED IN PART.

## I. DISCUSSION

On December 30, 2008, Plaintiff Information Protection and Authentication of Texas, LLC ("Plaintiff") filed suit in this Court ("the Texas action") alleging infringement of U.S. Patent Nos. 5,311,591 ("the '591 Patent") and 5,412,717 ("the '717 Patent"). *See* Complaint, Dkt. No. 1. On January 15, 2009, Plaintiff, along with Global Innovations Technology Holdings, LLC (a third party defendant in the Texas action), filed suit in the Southern District of Florida, Civil Action No. 09-cv-20127 ("the Florida action"), again alleging infringement of the '591 Patent and the '717 Patent. *See* Civil Action No. 09-cv-20127 (S.D. Fla.), Dkt. No. 1.

On March 27, 2009, Defendant Symantec Corporation ("Symantec") filed its Emergency Motion to Enjoin Plaintiff and Third Party Defendant from Litigating a Later-Filed and Duplicative Action and for Expedited Consideration. Dkt. No. 149. United States Magistrate Judge Charles Everingham held a hearing on April 8, 2009, and entered a Report and Recommendation on April 24, 2009 ("the Texas Report and Recommendation"). The Texas Report and Recommendation recommends that this Court deny Symantec's motion and that the Texas action be transferred to the Southern District of Florida.

Symantec then filed its Objection and Request that the Court Defer Ruling thereon Until the Florida Court, in the Second-Filed Action, Rules on a Pending Motion to Transfer that Action to Texas. Dkt. No. 217. Most of the Defendants in the present case have filed similar objections or joined in objections of other Defendants, as noted above.

On June 2, 2009, United States Magistrate Judge William C. Turnoff entered a Report and Recommendation in the Florida action ("the Florida Report and Recommendation") recommending that the motion to transfer the Florida action to the Eastern District of Texas be

denied. *See* Dkt. No. 235 at Ex. A (Civil Action No. 09-cv-20127 (S.D. Fla.), Dkt. No. 170). As part of the Florida Report and Recommendation, United States Magistrate Judge Turnoff quoted language from the Texas Report and Recommendation stating that United States Magistrate Judge Everingham was "not persuaded that the issues in the Florida action have crystallized to the point where the requested injunction would be either prudent or proper." *Id.* at 3. The Florida Report and Recommendation found that the Florida action, "[l]ike the Texas action, . . . has yet to crystallize sufficiently to warrant a transfer." *Id.* at 6. Nonetheless, the Florida Report and Recommendation recommended that "[u]pon review of both sets of pleadings, and both court dockets, . . . consolidation upon transfer would be appropriate," and further recommended "that the two matters be consolidated in the event of a future transfer of the Texas action to this district." *Id.* The Florida Report and Recommendation noted that this Court set Defendants' objections for hearing on June 9, 2009, and also recommended "that the district judge [in Florida] re-evaluate this matter on the record before it at the time of its review of this Report and Recommendation." *Id.* at 4 and 6. On June 8, 2009, the defendants in the Florida Action filed their Objections to Report and Recommendation on Motion to Transfer Venue, and those objections are now pending. Civil Action No. 09-cv-20127 (S.D. Fla.), Dkt. No. 173.

Under Fifth Circuit and Eleventh Circuit law, if the second-filed court finds "likelihood of substantial overlap," the second-filed court should transfer its case to the first-filed court. *West Gulf Maritime Ass'n v. ILA Deep Sea Local*, 751 F.2d 721, 729 (5th Cir. 1985); *see also Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005) ("Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the

first-filed rule."); *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 605-06 (5th Cir. 1999); *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971) ("In the absence of compelling circumstances, the court initially seized of a controversy should be the one to decide whether it will try the case."). If the Florida court finds a likelihood of substantial overlap and transfers the Florida action to this Court, then this Court should decide "whether the second suit filed must be dismissed, stayed, or transferred and consolidated." *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir. 1997).

Because the Florida action has not matured to a final ruling on the venue transfer motion now pending there, the Florida court has not yet made a final determination of whether a likelihood of substantial overlap exists between the Florida action and the Texas action. The Florida court should have an opportunity to decide this issue independent of any action of this Court regarding venue. This Court accordingly affirms the recommendation of United States Magistrate Judge Everingham that Defendants' request to enjoin Plaintiff from proceeding in the Florida action should be denied as premature at this time. Defendants' objections should accordingly be overruled as to Defendants' request to enjoin Plaintiff's prosecution of the Florida action.

A decision by this Court on whether to transfer the Texas action to the Southern District of Florida would also be premature. Having not been presented with a motion to transfer the Texas action to the Southern District of Florida, this Court sustains Defendants' objections as to the portion of the Texas Report and Recommendation that recommends transferring the Texas action. Here, again, the Florida court should have an opportunity to decide the issue of likelihood of substantial overlap independent of any action of this Court regarding venue. This

Court accordingly vacates the Texas Report and Recommendation as to transfer of venue.

## II.  CONCLUSION

For at least the reasons set forth above, the Objections (Dkt. Nos. 217, 218, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230) to the Report and Recommendation (Dkt. No. 211) are hereby **SUSTAINED IN PART** and **OVERRULED IN PART**.  The Report and Recommendation (Dkt. No. 211) is hereby **AFFIRMED IN PART** as to denying Defendants' request for an injunction at this time and **VACATED IN PART** as to recommending transfer of the Texas action to the Southern District of Florida.

   **IT IS SO ORDERED**.

   **SIGNED this 9th day of June, 2009.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE