UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| INFORMATION PROTECTION AND<br>AUTHENTICATION OF TEXAS, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>SYMANTEC CORP., et al.,<br><br>      Defendants. | Civil Action No. 2:08-cv-484 DF<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANT VELOCITY MICRO, INC.'s MOTION TO STAY PROCEEDINGS
AND SUPPORTING MEMORANDUM OF LAW**

Defendant Velocity Micro, Inc. ("Velocity") respectfully submits this Motion to Stay Proceedings against it in this action pending resolution of the patent infringement claims asserted against Microsoft in this case, for the same reasons set forth in the concurrently filed Motion to Stay Proceedings brought by the Hardware-only Defendants[1] in the other suit on the same patents currently before this Court in the Eastern District of Texas, Civil Action No. 2:09-cv-00198. Rather than burden this Court with duplicative argument, Velocity supports its request with this brief statement that builds upon the brief filed by the Hardware-only Defendants.[2]

Like the Hardware-only Defendants in the other case, Velocity Micro makes and sells personal computers and computer hardware and does not manufacture any product that ostensibly falls within the scope of the subject matter described in the Patents in Suit. Velocity Micro is simply a customer of Microsoft Corporation, a co-defendant in this litigation, which supplies the operating system software for Velocity Micro's computer hardware. The patent infringement claims against Velocity Micro are not only based on the same Patents-in-Suit asserted against Microsoft, but they are also based on the very same Microsoft software. As a customer, Velocity Micro's knowledge relating to the manufacture and design of the allegedly infringing computer software is minimal, at best.[3] This information is in the custody of Microsoft.

Staying the infringement claims against Velocity Micro pending resolution of the infringement claims against the Software Developers, in particular Microsoft, would promote efficiency and judicial economy and comport with the "customer suit" doctrine, in which a suit brought by a patent owner against the manufacturer of an accused product (such as Microsoft)

---

[1] The Hardware-only Defendants are the hardware manufacturers in Civil Action No. 2:09-cv-00198: Acer America Corp., Alienware Corp., American Future Technology Corp., Dell Inc., Fujitsu Computer Systems Corp., Gateway, Inc., Lenovo, Inc., Motion Computing, Inc., and Panasonic Corp. of North America.

[2] A copy of the Motion to Stay Proceedings filed in Civil Action No. 2:09-cv-00198 is attached hereto as Exhibit A.

[3] In the event that Velocity Micro has any unprivileged documents or information not within the custody or control of Microsoft and Plaintiffs, Velocity Micro will stipulate to the production of unprivileged, responsive documents.

should be given priority over a suit against the manufacturer's customers (such as Velocity Micro).

Addressing the claims against Microsoft first promotes efficiency and judicial economy because it has the potential to resolve all of the claims against Velocity Micro. For example, a finding that Microsoft *either* infringes *or* does not infringe will shield Velocity Micro from Plaintiffs' infringement allegations. If it is determined that Microsoft does not infringe the patents-in-suit, then Velocity Micro's sales of those products likewise cannot infringe. Alternatively, if Microsoft's software is found to infringe the patents-in-suit, Microsoft will be forced to pay damages (which are paid only once with no duplicative recovery) or license the patents. A stay would further conserve judicial resources on such critical issues as claim construction, invalidity, and unenforceability because resolution of those issues with respect to Microsoft would resolve those issues against Velocity Micro.

Finally, Plaintiff will suffer no disadvantage by having to proceed only against Microsoft. Because the outcome of the claims against Microsoft likely will be dispositive of the claims against Velocity Micro, Plaintiff will suffer no prejudice by having this case stayed.

For the reasons stated above, the claims asserted against Velocity Micro should be stayed pending resolution of the claims asserted against the Software Developers, in particular Microsoft, which are based on the same software products and the same patents.

Dated: September 4, 2009          Respectfully submitted,

/s/ Roderick B. Williams, Esq.
Roderick B. Williams, Esq. (SBN No. 21573700)
K&L Gates LLP
111 Congress Ave, Suite 900
Austin, TX, 78701
Phone: (512) 482.6800
Fax: (512) 482.6859
roderick.williams@klgates.com

Michael J. Bettinger, Esq. (*pro hac vice*)
Elaine Y. Chow, Esq. (*pro hac vice pending*)
Harold H. Davis, Esq. (*pro hac vice pending*)

K&L Gates LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Phone: (415) 882-8200
Fax: (415) 882-8220
mike.bettinger@klgates.com

David T. McDonald, Esq. (*pro hac vice*)
K&L Gates LLP
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104-1158
Phone:  (206) 623-7580
Fax:  (206) 623-7022
david.mcdonald@klgates.com

Attorneys for Defendant
Velocity Micro, Inc.

- 4 -

**CERTIFICATE OF SERVICE**

    The undersigned certifies that DEFENDANTS' MOTION TO STAY PROCEEDINGS AND SUPPORTING MEMORANDUM OF LAW was served on all counsel of record who have consented to electronic service via email on September 4, 2009.  Any other counsel of record will be served by facsimile transmission or by first class mail.

                                                /s/ Roderick B. Williams, Esq.
                                                Roderick B. Williams, Esq.

- 5 -

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), the undersigned has conferred with opposing counsel John Olivo on or about August 20, 2009 in a good faith effort to resolve the issues presented in the foregoing motion without court intervention and has been advised that the relief requested is opposed.

Dated: September 4, 2009                     /s/ Michael J. Bettinger, Esq.
                                             Michael J. Bettinger, Esq.